**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

James Ralston,                          )   No.  CV-25-03462-PHX-SPL
                                        )
                    Plaintiff,          )
                                        )   **ORDER**
vs.                                     )
                                        )
                                        )
City of Surprise, et al.,               )
                                        )
                    Defendants.         )
                                        )
                                        )

Before the Court is Plaintiff James Ralson's Complaint (Doc. 1), Application for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 10), Motion to File Non-Electronic Exhibits (Doc. 4), and Motion to Allow Electronic Filing (Doc. 5). The Court now rules as follows.

**I.     Application to Proceed in District Court Without Prepaying Fees or Costs**

In the application to proceed without prepaying fees or costs (Doc. 10), Plaintiff declares under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case. Plaintiff presents an Affidavit to support his application. Given that Plaintiff's expenses exceed his income, and the absence of any significant assets, the motion will be granted.

**II.    In Forma Pauperis Complaint**

**A. Legal Standards**

Under 28 U.S.C. § 1915(e)(2), the court shall dismiss an *in forma pauperis* action

if it determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune
> from such relief.

Although much of 28 U.S.C. § 1915 outlines the manner by which prisoners may proceed *in forma pauperis*, it applies to all *in forma pauperis* proceedings, not merely those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim" or if it is frivolous or malicious. *Id.* at 1127.

In order to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The short and plain statement for relief "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, and "conclusory allegations of law and unwarranted inferences are not sufficient," *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Thus, a complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

## B. Plaintiff's Complaint

In the Complaint, Plaintiff brings eleven counts against twenty Defendants. (*See* Doc. 1). Plaintiff's claims revolve around a dog size restriction in a dog park in Surprise. (*Id.* at 9). Plaintiff alleges that no authorizing ordinance existed to allow the enforcement of dog size restriction, and the Complaint recounts Plaintiff's interactions with the City Parks and Recreation Department, park rangers, police, and other private citizens. (*Id.*). Plaintiff brings claims for First Amendment Retaliation (Count I), Unlawful Seizure in violation of the Fourth Amendment (Count II), Violation of the Fourteenth Amendment Right to Due Process (Count III), Civil Rights Conspiracy under 42 U.S.C. § 1983 (Count IV), Municipal Liability (Count V), Failure to Intervene (Count VI), Defamation Per se (Count VII), Abuse of Process (Count VIII), Intentional Infliction of Emotional Distress (Count IX), Civil Conspiracy (Count X), False Light Invasion of Privacy (Count XI). (*Id.* at 34–60). Plaintiff seeks declaratory and injunctive relief as well as monetary damages. (*Id.* at 61–62). The Complaint is 63 pages long and contains an additional 308 pages in exhibits. (*See* Doc. 1).

## C. Discussion

Plaintiff's Complaint violates Rule 8 and will be dismissed. A complaint that says "*too little*" may violate Rule 8 but so does "a pleading [that] says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citations omitted); *see also, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of a 53-page complaint); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of a 48-page complaint); *Agnew v. Moody*, 330 F.2d 868, 870–71 (9th Cir. 1964) (affirming dismissal of a 55-page complaint); *Emmons v. Select Portfolio Servicing Inc.*, No. CV-16-00557-TUC-JGZ, 2017 WL 6883690, at *3–4 (D. Ariz. Oct. 6, 2017) (dismissing a 43-

page complaint).

Plaintiff's Complaint contains a lengthy narrative of the facts behind his claims, but this is not the only defect under Rule 8." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[N]ormally verbosity or length is not by itself a basis for dismissing a complaint.") (internal quotations and citations omitted). Notwithstanding length, the Complaint fails to give Defendants fair notice of Plaintiff's claims. A pleading "without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs[ ] fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. In addition, "[p]leadings that make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations are considered impermissible 'shotgun' pleadings. One type of impermissible 'shotgun' pleading is a complaint that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.' A second type of 'shotgun' pleading is a complaint that incorporates a collection of general allegations into each count by reference." *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, No. 3:20-cv-01708-WQH-BGS, 2021 WL 5396111, at *13 (S.D. Cal. Nov. 18, 2021).

Here, Plaintiff asserts several claims against Defendants as a whole, without specifying which Defendants are responsible for which acts or omissions. In Count I, Plaintiff brings a First Amendment Retaliation claim against all Defendants. (Doc. 1 at 34–35). In the allegations under Count I, Plaintiff alleges that he engaged in several forms of protected speech and conduct "at all relevant times," and that Defendants "acting under color of state law," "engaged in a campaign of adverse actions against Plaintiff." (*Id.* at 34). Plaintiff provides several examples of allegedly retaliatory acts but fails to explain which Defendants engaged in what acts in retaliation against what protected speech. (*Id.* at 34–35). In Count III, Plaintiff brings a claim for Deprivation of Liberty Interest without Due Process in violation of the Fourteenth Amendment against all Defendants. (*Id.* at 38–39). Again, in this Count, Plaintiff alleges numerous ways that his due process rights were violated but does not attribute any specific action to any specific Defendant. (*Id.*). This

shotgun pleading style does not provide notice to Defendants and does not constitute a plausible claim against any specific Defendant. In Count IV, Plaintiff brings a civil rights conspiracy claim in violation of § 1983 against all Defendants. (*Id.* at 38). In doing so, Plaintiff sets out allegations in broad strokes against groups of Defendants without providing facts to explain how each alleged participant in the conspiracy entered into an agreement with any other. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) ("To prove a conspiracy . . . [Plaintiff] must show an agreement or meeting of the minds to violate constitutional rights.").

The same is true for Counts IX, X, and XI. (*Id.* at 56–60). In Count IX, Plaintiff brings a claim for Intentional Infliction of Emotional Distress ("IIED") against all Defendants. (*Id.* at 56–57). Plaintiff's allegations are generalized to the group, and do not clarify who allegedly committed what act, describe any specific conduct, or state when the conduct occurred. (*Id.*). In Count X, Plaintiff brings a civil conspiracy claim against all Defendants. (*Id.* at 58–59). Describing the evidence supporting his claim, the only individual Defendants identified are Defendants Knoll, Campbell, and Gaul. (*Id.*). Plaintiff asserts that all Defendants are all jointly and severally liable for conspiracy to commit all the underlying torts. (*Id.* at 59). Again, Plaintiff "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *TV Ears*, 2021 WL 5396111, at *13. Finally, in Count XI, Plaintiff brings a claim for False Light Invasion of Privacy against all Defendants, alleging that "Defendants, through the publications and communications alleged herein, gave publicity to a matter concerning Plaintiff that placed him before the public in a false light." (*Id.* at 60). The generalized allegations as to all Defendants fail to provide fair notice to Defendants of the specific claims against them. All of these "shotgun" claims fail under Rule 8.

The Court appreciates that in each Count, Plaintiff incorporates by reference the preceding allegations in his Complaint. Although the Complaint may contain allegations specific to each Defendant at some point throughout, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

5

misconduct alleged." *Iqbal*, 556 U.S. at 678; *see Cianci v. Dep't of Health & Hum. Servs.*, No. CV-25-00249-TUC-SHR, 2026 WL 173527, at *1 (D. Ariz. Jan. 22, 2026) ("A complaint having the factual elements of a cause of action scattered throughout and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a)."). Even Plaintiff's claims against specific Defendants, for example the claims for defamation and abuse of process, lack a short and plain statement of the factual elements. (*See* Doc. 1 at 51–55). "It is not the Court's responsibility to review a sprawling narrative to determine which facts support [a plaintiff's] claims." *Cianci*, 2026 WL 173527, at *2.

For all the reasons stated above, Plaintiff's Complaint violates Rule 8. The shotgun claims against all Defendants and failure to organize the claims into a short and plain statement prevent the Court from fairly assessing the claims and fail to provide notice to Defendants of the allegations against them. Therefore, the Complaint will be dismissed.

### D. Leave to Amend

Plaintiff will be given an opportunity, if he chooses, to amend the complaint. *See Lopez*, 203 F.3d at 1127 ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citation omitted). Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure, which includes "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Plaintiff is advised that if he elects to file an amended complaint but fails to comply with the instructions explained in this Order, fails to prosecute this action, or otherwise fails to comply with the federal and local rules, the Court may dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e), Rule 41(b) of the Federal Rules of Civil Procedure, or both. *See McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (holding that the district

court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with court orders).

### III.    Motion to File Non-Electronic Exhibits

Along with his Complaint, Plaintiff filed a Motion to File Non-Electronic Exhibits (Doc. 4). Plaintiff seeks to file 64 non-electronic exhibits that include letters, incident reports, complaints, video and audio recordings, body-worn camera footage, and text messages. (*Id.* at 3–5). At this time, the Court will deny the request because the exchange of discovery and evidence at this stage is premature. Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Evidence supporting the claims is not necessary because "this case is still in the *pleading* stage" and "not in the *evidence* stage." *Young v. Univ. of Haw.*, No. 20-cv-00231-DKW-RT, 2020 WL 4612380, at *5 (D. Haw. Aug. 11, 2020). "[A]t this point, Plaintiff need only *allege* facts that will support his claims, he need not produce (or seek to obtain) *evidence* to prove them at this time." *Id.* Therefore, the Court will deny Plaintiff's Motion.

### IV.    Motion to Allow Electronic Filing

Plaintiff also filed a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney, in which he requests permission to electronically file and serve documents. (Doc. 5). The motion will be denied.

Electronic filing requires parties to code their filing so that they are properly docketed electronically. When electronically filed documents are not properly docketed, they are not easily retrievable by the Court on its case management reports. Therefore, because Plaintiff has not shown that he possesses the legal training necessary to properly file and docket matters in this case, his request will be denied.

///

///

## V.     Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 10) is **granted**.

**IT IS FURTHER ORDERED** that the Motion to File Non-Electronic Exhibits (Doc. 4) is **denied**.

**IT IS FURTHER ORDERED** that the Motion to Allow Electronic Filing (Doc. 5) is **denied**.

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint in accordance with this Order no later than **May 13, 2026**. If Plaintiff elects to file an amended complaint, the amended complaint may not be served until and unless the Court screens it pursuant to 18 U.S.C. § 1915(e)(2).

**IT IS FINALLY ORDERED** that if Plaintiff elects not to file an amended complaint by **May 13, 2026**, the Clerk of Court shall enter judgment dismissing this action without further order of this Court.

Dated this 15th day of April, 2026.

Honorable Steven P. Logan
United States District Judge

8